UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------X  Docket#
MARCH BOSCH,                      : 22-cv-2477(ENV)(RLM)
                                 :
              Plaintiff,         :
                                 :
    - versus -                   : U.S. Courthouse
                                 : Brooklyn, New York
CREDIT SUISSE GROUP AG, ET AL,   :
                                 :
                                 : July 27, 2022
              Defendant          : 10:20 a.m.
-------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE MOTION HEARING
BEFORE THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

**A    P    P    E    A    R    A    N    C    E    S:**
(**VIA VIDEO/AUDIO**)


**For the Plaintiffs**:        **J. Alexander Hood, Esq.**
                              Pomerantz LLP
                              600 Third Avenue, 20th Floor
                              New York, NY 10016


**For Defendants**:            **Sheila Chithran Ramesh, Esq.**
                              **Adam S. Mintz, Esq.**
                              Cahill Gordon & Reindel LLP
                              32 Old Slip
                              New York, NY 10005


**Transcription Service**:     **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

THE COURT:  This is Judge Mann on the line. I'm conducting a telephonic hearing in *March Bosch v. Credit Suisse Group AG, et al*, 22-cv-2477.  We're proceeding remotely.  I hope everyone is safe and healthy.  And I thank you for being patient since this proceeding was delayed 20 minutes.

Let me begin by taking the roll call in the case.  Who is on the line on behalf of the plaintiff?

MR. HOOD:  Good morning, your Honor, and thank you for the good wishes.  This is Alexander Hood of Pomerantz LLP.  My firm represents plaintiff Carlos de March Bosch.  My firm is also counsel to lead plaintiff movant Yansi Jimenez.

THE COURT:  All right.  Anyone else on the line with you on behalf of either the movant or the plaintiff?

MR. HOOD:  No, your Honor.

THE COURT:  And who is on the line on behalf of the defendant?

MS. RAMESH:  Good morning, your Honor.  It's Sheila Ramesh from Cahill Gordon for defendants.  And my colleague, Adam Mintz, is on the line with me as well.

THE COURT:  All right.  Welcome to all of you. I wanted to discuss the pending motion filed by Yansi Jimenez to be appointed lead plaintiff.  That's a matter that's being handled by this magistrate judge.  I've

3

Proceedings

reviewed the papers.  And is it Mr. Or Ms. Jimenez

MR. HOOD:  It's Mr. Jimenez, your Honor.

THE COURT:  Mr. Jimenez is the sole movement who's actively sought to be named as lead plaintiff in this case.  Mr. Jimenez, while he claims to have suffered a substantial loss, a significant loss, my review of the docket indicates that he purchased 200 shares on April 26 of last year, 2021, at slightly in excess of $10.25 per share.  His estimated loss is $621.

In contrast, the named plaintiff in this case, March Bosch, purchased 20,000 shares on June 25, 2021 in excess of $10.78 a share.  The named plaintiff has not formally moved to be appointed lead plaintiff but he does state in his certification attached to the complaint that he would be willing to serve as lead plaintiff.  And he doesn't state his estimated losses but one would infer from the numbers that the named plaintiff's losses substantially exceed those of the sole movant in this case.

I would further note that both the movant and the named plaintiff are represented by the same law firm. So the Court's curiosity is peaked as to why the named plaintiff has not moved for appointment as lead plaintiff.

MR. HOOD:  I'm happy to address that, your

4

Proceedings

Honor.  Subsequent to filing the initial complaint in this litigation, Mr. de March Bosch ultimately determined that he did not wish to serve as a class representative. He did understand that having filed the initial complaint that this was a necessary preliminary step to commence this action.  He certainly believes in the merits of these claims.  But a long story short, he no longer wishes to serve as a lead plaintiff although the statements in the certification were absolutely true when made.

THE COURT:  Well I'm not going to ask you to reveal privileged information that you're not authorized to disclose but the Court does wonder why he would not want to proceed as lead plaintiff unless he has concerns about the merits of the claim.  Is there anything else you are prepared to offer the Court by way of explanation?

MR. HOOD:  If I could pause briefly, your Honor, just to consider whether I would be implicating any privilege in responding.  The best explanation I could offer I think is that separate and apart from the merits of this litigation, believing in the merits of this litigation, serving as lead plaintiff also carries certain attendant responsibilities with respect to reviewing pleadings and taking more active participation

5

Proceedings

than simply being a passive class member so called.  Mr. De March Bosch simply concluded that he did not wish to undertake those responsibilities.

THE COURT:  Well, if the Court were to deny Mr. Jimenez's motion to be appointed lead plaintiff, then what would Mr. March Bosch do?  He would be the sole plaintiff.

MR. HOOD:  You know, I'm not prepared to address today what his decision would be in that instance.  If that is a concern of the Court, we can certainly confer with our client.  But I'm afraid I don't have a ready answer to that at the moment.  I would say that Mr. Jimenez, while his loss certainly is lower than Mr. de March Bosch's, he is currently the only party before the Court who does satisfy the TSLRA's criteria for appointment as lead plaintiff because first of all, he is willing to serve as lead plaintiff and as the only willing representative before the Court he by default has the largest financial interest under the meaning of the statute.

THE COURT:  Well are you suggesting that where there is a relatively very modest loss that assuming the other elements of -- the elements of Rule 23 are satisfied and there's no apparent conflict of interest that the Court is required to appoint the movant as lead

6

Proceedings

plaintiff?

MR. HOOD: That's my understanding of the statute, your Honor. The statute, I don't have the text in front of me, but I believe that it says that the Court -- and instructs the Court to appoint the most adequate plaintiff of the class and the most adequate plaintiff as defined by the statute is the movant who has alleged the largest financial -- movant to our initial plaintiff who has alleged the largest financial interest. And as the Court noted, satisfied the requirements of adequacy and typicality. And I would state also that I think a movant that has -- pardon me, a party that has expressed at best reluctance to serve as lead plaintiff arguably would not satisfy the adequacy typicality -- pardon me, the adequacy requirement of Rule 23.

THE COURT: Do defense counsel wish to weigh in on this issue?

MS. RAMESH: Yes, your Honor. I mean of course this is a little bit outside of our scope, but it seems to me that the Court has broad authority to make decisions about efficiency and the way that the Court will spend its time. And I think that there would serious questions about the adequacy of Mr. Jimenez given his very minor losses.

THE COURT: You know, we've had a burgeoning

7

Proceedings

case load in the securities fraud class actions in the last several years and there's been no shortage of motions to be appointed lead counsel, competing motions. And the fact that there is a single application in this case, a named plaintiff who reportedly is unwilling to step up to the plate and a single motion by a movant whose losses total $621, all of those factors give the Court significant pause.

I don't know that I share plaintiff's counsel's view and counsel for the movant's view that the Court is obligated to appoint Mr. Jimenez. I would like to have further briefing on that issue. And I would invite the defendant to address that as well, whether or not they would have standing to object to the appointment. I think it would be useful to the Court to have both sides of the issue briefed for the Court.

And I would also like to have in writing the decision of the named plaintiff not to make himself -- not to apply to be lead plaintiff.

So how much time with counsel need to submit the supplemental -- make the supplemental submissions to the Court?

MR. HOOD: Your Honor, plaintiff and I suppose lead plaintiff would be prepared to, pardon, lead plaintiff movant, would be prepared to make those

Transcriptions Plus II, Inc.

8

Proceedings

submissions by I would like to say next Monday, but could we make it an even we can say next Wednesday?  I'd like to be sure that we're able to have the necessary communications with our client.  And given the time of year that it is in Europe, I know from experience that many folks are on vacation in August, or in July, over there.

THE COURT:  All right.  So that would be August 3rd.  And what deadline does defense counsel propose for defendant's submissions?

MS. RAMESH:  Can we respond, have another week to respond?  So August 10th.

THE COURT:  All right.  And will plaintiff/the movant want an opportunity to reply or can we end the supplemental submissions at that point?

MR. HOOD:  Not having seen defendants submissions, I mean could I ask that we have three days after defendant's submission to reply?  It's certainly possible we will not choose to exercise that reply but I wouldn't like to say no at this outset and then have to seek leave later.

THE COURT:  That would take us into the following week.  Why don't we do this?  If after reading the submission you wish an opportunity to reply, why don't you put in a letter asking for an opportunity to

9

Proceedings

reply?

MR. HOOD:  Certainly, your Honor.  Understood.

THE COURT:  All right.  Is there anything else that any of you would like to address?

MR. HOOD:  Nothing from the plaintiff's side, your Honor.  Thank you.

MS. RAMESH:  Nothing from defendants either, your Honor.  Thank you.

THE COURT:  All right.  Thank you very much. I'm going to conclude this proceeding.  Please take care and stay safe.  Goodbye.

MS. RAMESH:  You too, your Honor.  Thank you.

MR. HOOD:  Bye.

(Matter concluded)

-oOo-

10

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **8th** day of **August**, 2022.

_Mary Greco_

Transcriptions Plus II, Inc.